*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ALLEN/CAJAR, Minors.

UNPUBLISHED
March 09, 2026
10:08 AM

No. 375333
Wayne Circuit Court
Family Division
LC No. 2022-001142-NA

Before: WALLACE, P.J., and GARRETT and ACKERMAN, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order terminating her parental rights to her minor children, AA, ARC, and ACC, under MCL 712A.19b(3)(a)(*i*) (parent is unidentifiable and has deserted the child for 28 or more days), (a)(*ii*) (parent has deserted the child for 91 or more days), (c)(*i*) (conditions that led to adjudication continue to exist), (c)(*ii*) (other conditions supporting jurisdiction have not been rectified), (g) (failure to provide proper care or custody), (j) (reasonable likelihood of harm if children returned to the parent), (k)(*i*) (abandonment), and (k)(*ii*) (criminal sexual conduct involving penetration).[1] Because the trial court did not err by determining that termination of respondent's parental rights was in the children's best interests, we affirm.

## I. BACKGROUND

The trial court acquired jurisdiction over AA, ARC, and ACC after petitioner, the Department of Health and Human Services (DHHS), filed a petition seeking temporary custody of the children. DHHS filed the petition after ACC tested positive for cocaine, opiates, and marijuana at birth. ACC's older siblings, AA and ARC, also tested positive for substances at birth. AA tested positive for marijuana and cocaine, and ARC tested positive for amphetamines, cocaine, and THC. The petition also alleged that respondent abandoned AA and ARC. AA had been

---

[1] Not all the statutory grounds on which the trial court relied were applicable to respondent; it appears that some of the grounds were applicable only to the children's fathers. In any event, respondent does not challenge the statutory grounds on appeal.

residing with her paternal grandmother, and ARC was residing with his maternal grandfather. AA and ARC had been with their grandparents since 2019, three years before the petition was filed. At that time, respondent was incarcerated in prison, but AA and ARC remained in their grandparents' care after respondent was released from prison. Respondent pleaded no contest to the factual allegations establishing jurisdiction. AA and ARC remained with their respective grandparent, while ACC was placed with AA's grandmother as fictive kin.

Respondent's service plan required her to participate in parenting classes, individual counseling, family counseling, and weekly random drug screens. It also required her to maintain regular contact with caseworkers, attend all court hearings, and provide proof of her income and safe and suitable housing. Respondent was permitted supervised parenting time and offered supportive parenting time. She was diagnosed with cancer during the lower court proceedings, and her service plan was adjusted to allow for her treatment. Because respondent was not participating in her service plan, and more than 15 months had passed since the trial court acquired jurisdiction over the children, the court ordered DHHS to file a petition to terminate respondent's parental rights.

Following a statutory-grounds hearing, the trial court determined DHHS had established the statutory bases for termination. During the best-interests hearing, the caseworker testified that she discussed possible guardianships with the grandparents caring for the children, but the grandparents wanted to adopt the children to give them permanency and stability. The trial court determined that terminating respondent's parental rights was in the children's best interests. Respondent now appeals, claiming the trial court's best-interests determination was erroneous.

## II. ANALYSIS

We review for clear error a trial court's determination that termination of parental rights is in a child's best interests. *In re Atchley*, 341 Mich App 332, 346; 990 NW2d 685 (2022). Clear error exists "if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Miller*, 347 Mich App 420, 425; 15 NW3d 287 (2023) (quotation marks and citation omitted).

The trial court must order the termination of parental rights if the DHHS established a statutory ground for termination by clear and convincing evidence and a preponderance of the evidence on the whole record demonstrates that termination is in the children's best interests. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). When considering a child's best interests, the focus is on the child rather than the parent. *In re Atchley*, 341 Mich App at 346. Factors to consider include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Pederson*, 331 Mich App 445, 476; 951 NW2d 704 (2020) (citation omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *Id*. (citation omitted).

The trial court did not clearly err by determining that termination of respondent's parental rights was in the children's best interests. Although respondent had a bond with the children, she was no closer to having them returned to her care at the end of the proceeding than she was at the beginning of the proceeding. The children had been in care for two years and five months at the

time of the best-interests hearing, and respondent's parenting time had not progressed to unsupervised. In fact, she had not visited any of the children for eight months and failed to attend the best-interests hearing.

In response to respondent's claim that she participated in services, the court recognized that, although respondent "signed up" for some services, she failed to follow through and participate. The court characterized respondent's efforts as "minimal" and "lackluster, to say the least." Respondent maintained that her cancer treatments prevented her from attending parenting time, but even after her treatment was completed and she was permitted to set her own parenting-time schedule, she failed to attend a single parenting-time session. She also failed to consistently participate in drug screens, and the few drug screens she submitted tested positive.

The trial court explained that the children needed permanency and stability, and the caseworker believed that the children's best chance at permanency and stability was to remain in their current placements. AA had been with her paternal grandmother since before respondent went to prison in 2019. ARC lived with his maternal grandfather since 2019, and ACC had lived with AA's paternal grandmother, as fictive kin, since he was four months old. The children spent nearly their entire lives with the grandparents, and AA and ARC expressed their preference to remain with them.

Respondent contends a guardianship, rather than termination, would have been in the children's best interests. A child's placement with relatives generally weighs against termination of a parent's parental rights, *In re Atchley*, 341 Mich App at 347, and the appointment of a guardian is generally made to avoid terminating parental rights, *In re TK*, 306 Mich App 698, 705; 859 NW2d 208 (2014). However, "[a] trial court is not required to establish a guardianship in lieu of termination if it is not in the child's best interests to do so." *In re Lombard*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367714); slip op at 6.

Initially, AA's grandmother had guardianship of AA, and ARC's grandfather had a power of attorney for ARC, but both eventually lapsed. Although the grandparents preferred guardianships early in the proceeding and hoped that respondent would at some point be able to care for the children, at the time of the best-interests hearing, both grandparents preferred to adopt the children. The trial court recognized at the best-interests hearing that the grandparents no longer preferred guardianships instead of termination. The court considered guardianships but concluded that they would not be in the children's best interests, stating:

> Children need permanency and stability, they need permanent families, they need forever families. They need to know that the people they are living with are there and are going to be there. The specter of having this Mother who seems to care for you, but then doesn't visit for eight months, popping in and out of your life, is neither permanent nor stable. And that's exactly the thing that causes the issues and problems with these children is the lack of stability and permanency, and that is essential to their growth and maturation.

The record therefore demonstrates that the trial court considered guardianships and determined that termination of respondent's parental rights was in the children's best interests so that the

grandparents caring for the children could adopt them.  Respondent has failed to establish that the court's determination was clearly erroneous.

Affirmed.

/s/ Randy J. Wallace
/s/ Kristina Robinson Garrett
/s/ Matthew S. Ackerman